# IN UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-16-FDW-DCK

| | |
|---|---|
| BAYTREE ASSOCIATES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DANTZLER, INC., | ) ) |
| Defendant. | ) ) ) |

**Consent Order Concerning Protocol for Discovery
Of Electronically Stored Information**

It is hereby Ordered by the Court, with the consent of the parties, that the following protocol be used for discovery of electronically stored information ("ESI"):

1. As used herein, the term ESI refers to Defendant's and Plaintiff's electronic "documents" that contain or potentially contain information relating to facts at issue in the litigation, and the term "documents" is used as it is defined in Fed. R. Civ. P. 34(a).

2. During the pendency of this action, the Defendant and the Plaintiff shall reasonably secure and maintain all ESI in their possession created between January 1, 2005, and December 31, 2006, (the "Retention Period"), to the extent that such ESI existed as of the date the lawsuit was filed. This requirement also includes: (1) e-mail backup tapes, discs, flash, or similar media, and (2) network backup tapes, discs, flash, or similar media (together, the "Backup Media") created in the ordinary course of business during the Retention Period.

3. To the extent that Defendant or Plaintiff have implemented a system for the purpose of preserving external e-mails (e-mails sent to or received by Defendant's or Plaintiff's employees) in an easily accessible form, other than an e-mail server or the Backup Media identified in paragraph 2 or 3 above, all e-mails that were created during the Retention Period that contain ESI, and that are stored on any such system as of the date hereof, shall be preserved during the pendency of this litigation.

4. All electronic information or data archived or backed up during the Retention Period as part of a special backup, i.e., a backup made other than in the ordinary course of business by Defendant or Plaintiff, whether due to system upgrade, transition planning, system migration, disaster recovery planning, or any other reason, that potentially contains potentially discoverable electronic information shall be securely retained, to the extent that they currently exist, for the remainder of the litigation.

5. All current or legacy software and hardware necessary to access, manipulate, print, etc., ESI that either is "live" or has been archived or backed up shall be securely retained, to the extent that they currently exist, for the remainder of the litigation.

6. By December 12, 2007, Defendant and Plaintiff shall identify the person or persons who are most familiar with their company's computer systems and the information requested on Exhibit A.

7. Within five (5) days of this Order, Defendant and Plaintiff shall circulate retention notices designed to ensure the preservation of potentially discoverable ESI documents and other information to those employees potentially possessing such. The form of the retention notice to be circulated is attached as Exhibit B.

8. Within five (5) days of this Order, Defendant and Plaintiff shall take the following measures to secure and retain, to the extent that it exists, ESI that is on the desktop and laptop hard drives of their respective employees. Either (1) hard drives containing ESI shall be retained with all ESI contained therein retained intact; or, (2) employees shall be instructed to copy all ESI to a secure, backed-up network storage device or backup medium for the remainder of the litigation, making all reasonable efforts to retain all meta-data (file creation dates, modification dates, etc.) associated with the ESI at issue. The retention notification disseminated pursuant to the above paragraph shall advise employees potentially possessing ESI of their obligation to store ESI on a secure, backed-up network storage device or backup medium to ensure its preservation and shall instruct such employees in the manner of doing so in accordance with this paragraph.

9. By December 12, 2007, each party shall provide to the other party the identity (by name, title, and department) of current employees of the party who use a desktop or laptop computer that has ESI. If a party fails to identify a relevant employee, the other party may do so within ten (10) days. If the parties disagree concerning which employees have desktop or laptop computers that contain ESI, then the parties will confer in good faith to resolve any disputes and, if necessary, seek Court intervention. For such employees identified by each party, the measures referred to in the above paragraph shall be taken to preserve such ESI.

10. By December 12, 2007, if a party has lost or not retained any ESI or Backup Media created during the Retention Period, the party shall to the best of its ability specifically identify the types of ESI lost, the time period of which the ESI is lost, the location where the ESI was stored, and the reason the ESI was lost.

11. By December 12, 2007, Defendant and Plaintiff will provide written answers to the best of their ability to the questions concerning information system and electronic document retention practices set forth in attached Schedule A related to the Retention Period. Should any party believe it cannot in good faith answer any of the questions as posed, the parties will confer to resolve any disputes and, if necessary, seek Court intervention.

12. The parties recognize that certain ESI is currently solely held by a third party, to wit: Oracle Corporation ("Oracle"). Defendant entered into certain agreements with Oracle whereby Defendant licensed certain software from Oracle and whereby Oracle hosted the software. For a period of time, Plaintiff and Defendant had access to this software and substantial work was performed in implementing the software for Dantzler's use (the "Oracle ESI"). At this time, neither Plaintiff nor Defendant have access to the Oracle ESI. The parties agree to work cooperatively to obtain joint access to the Oracle ESI to the extent access is needed as evidence in this case. To the extent joint access is obtained, neither party will change the Oracle ESI. Furthermore, the Oracle ESI will remain with Oracle, will not be used by Dantzler for business purposes, and will only be used for purposes of evidence in this case.

13. ESI shall be produced by each party in native file format. This should result in meta data being produced which describes how, when, and by whom a particular set of data was created, collected, or changed, and how the data is formatted. If ESI cannot be produced in native file format, it shall be produced in PDF format and the party will explain why such ESI cannot be produced in native file format.

14. A party's inadvertent production of ESI subject to protection by the attorney-client privilege, by the work-product doctrine, or by another legal privilege protecting information from discovery shall not constitute a waiver of any privilege or other protection,

provided that the producing party promptly notifies the receiving party, in writing, of the inadvertent production. If the producing party promptly notifies the receiving party that privileged materials have been submitted, the inadvertently produced materials, all copies of those materials, and all notes or other work product reflecting the contents of these materials shall be returned to the producing party or destroyed, on request of the producing party. The inadvertently produced materials shall be deleted from the receiving party's litigation-support or other database and the receiving party may make no use of these documents during depositions or at trial. The contents of the inadvertently produced materials shall not be disclosed to anyone who was not provided with access to them before the request to return or destroy them was made. The party returning the inadvertently produced documents may move the court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the inadvertent production.

15. If a particular set of data refers to other clients of a party, then reference to other clients may be redacted by a party. If a party believes any such redaction may be inappropriate, the attorneys for Plaintiff and Defendant shall review such redacted material in camera – in a private conference. If agreement is reached, it shall be documented in writing. If agreement is not reached, either party may seek judicial assistance.

16. By agreeing to preserve ESI in accordance with the terms hereof, Defendant and Plaintiff are not waiving any objection to the ultimate discoverability or admissibility of such information.

17. Each party's providing notice of lost ESI does not address whether sanctions should be entered, whether spoliation of evidence has occurred, or whether certain presumptions should be given to a party concerning loss of evidence. The creating and exchanging of the list

of lost ESI by each party is without prejudice to any party. The purpose of listing lost ESI is to establish a record at this time of the status of ESI.

18. Production of ESI which is confidential is subject to the terms of the Protective Order governing this case. A party may choose to collectively designate a group of ESI as "Confidential", rather than to separately designate each piece of ESI contained in the group.

19. Nothing in this Consent Order relieves any party of any of its obligations under the Federal Rules of Civil Procedure, or any other applicable law.

20. This Consent Order Concerning Protocol for Discovery of Electronically Stored Information will replace, for purposes of this case, the Standing Order on Protocol for Discovery of Electronically Stored Information In Civil Cases Before the Honorable Frank D. Whitney.

**SO ORDERED:**

Signed: December 5, 2007

_____
David C. Keesler
United States Magistrate Judge

**AGREED TO:**


  /s/ William H. Sturges
William H. Sturges
N. C. Bar No. 8524
SHUMAKER, LOOP & KENDRICK, LLP
128 South Tryon Street, Suite 1800
Charlotte, NC 28202
Phone (704) 375-0057
Fax (704) 332-1197
wsturges@slk-law.com
*Attorney for Plaintiff*



  /s/ Paul J. Osowski
Paul J. Osowski
N.C. Bar No. 23423
William M. Starr
N.C. Bar No. 31813
NELSON MULLINS RILEY
  & SCARBOROUGH, L.L.P.
Bank of America Corporate Center
100 N. Tryon Street, Suite 4200
Charlotte, NC 28202
Phone (704) 417-3000
Fax (704) 377-4814
Paul.osowski@nelsonmullins.com
Bill.starr@nelsonmullins.com
*Attorneys for Defendant*

# EXHIBIT A

1. Provide a description of computer systems used by the company, including hardware systems, primary operating systems, and major software systems, including any customized software.

2. Provide a description of how those computers are networked or connected to others outside of the company (with a graphical representation if one is available).

3. Provide a description of how your employees can network with your computers from outside of the company.

4. Provide a description of the computer systems used by your employees outside of the corporate system (e.g., laptops or personal digital assistants [PDAs]).

5. Provide a description of the backup processes and schedules, document retention and destruction schedules, organized by type of data. Identify the responsible persons for each process, with contact information. Identify storage locations for all backup data.

6. Provide the company's document retention policy, e-mail, and Internet-usage policies and litigation-hold policy, to the extent they exist.

7. If any third parties hold or have access to the company's data, identify those third parties with full contact information.

# EXHIBIT B

## CORPORATE RETENTION NOTICE
## CONCERNING PRESERVATION OF
## DOCUMENTS FOR LITIGATION PURPOSES

TO:          CERTAIN EMPLOYEES OF (BAYTREE ASSOCIATES, INC./DANTZLER, INC.)

FROM:       (Name of Sender and complete contact information)

RE:          PRESERVATION OF DOCUMENTS RELATED TO DISPUTE BETWEEN BAYTREE ASSOCIATES, INC. AND DANTZLER, INC.

      There is a lawsuit pending between Baytree Associates, Inc. ("Baytree") and Dantzler, Inc. ("Dantzler") concerning services and payment related to the implementation of the Oracle E-Business Suite Software. As a result of this lawsuit, our Company is required to preserve evidence that may be relevant to the lawsuit. The Company's normal policy for the deletion of electronically stored information ("ESI") or documents related to the dispute created during the Retention Period shall be suspended until further written notice.

      From now on, until further written notice, you are required to do the following:

      1.     Do not alter, destroy, remove, or throw away any of your documents, paper files, or ESI records for the Retention Period (January 1, 2005, through December 31, 2006) related to the dispute between Baytree and Dantzler, related to all matters concerning the implementation of the Oracle E-Business Suite Software System and related to financial accounting for bills and payments.

      2.     Do not alter or delete electronic files, including electronic e-mail, word processing files, databases, spread sheets, presentations, and other items related to this dispute.

      3.     The devices subject to this policy include, without limitation, any desktop or laptop computer used by you, regardless of where the computer is; network servers; shared servers; floppy discs; back-up tapes; and peripheral storage devices.

      4.     If you have any documents or ESI on your desktop or laptop computer, then you should securely maintain this material and promptly notify the sender of this Notice that you possess such material.

      5.     If you previously had such documents or ESI related to this dispute and prior to your receipt of this Notice it was lost or destroyed, you are required to notify the sender of this Notice of this.

6. If you have ESI on a desktop or laptop computer, you are to securely retain that ESI intact and you are instructed to copy all ESI to a secure Backup Media and send the Backup Media to the sender of this Notice.

7. If you have any questions concerning this Notice and the obligation to preserve documents and ESI, you should immediately contact the sender of this Notice.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused a true and accurate copy of the foregoing **Consent Order Concerning Protocol for Discovery Of Electronically Stored Information**, to be filed for electronic service on this the 5th day of December, 2007, and to be served on the following via the Court's CM/ECF electronic filing system.

> William H. Sturges, Esq.
> North Carolina State Bar No. 8524
> Shumaker Loop & Kendrick, LLP
> 128 South Tryon Street, Suite 1800
> Charlotte, North Carolina 28202
> Telephone: (704) 375-0057
> Facsimile: (704) 332-1197
> E-mail: wsturges@slk-law.com
> *Attorney for Plaintiff, Baytree Associates, Inc.*

Paul J. Osowski, Esq.
North Carolina State Bar No. 23423
Nelson Mullins Riley & Scarborough, LLP
100 North Tryon St. – Suite 4200
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
E-Mail: paul.osowski@nelsonmullins.com
*Attorney for Defendant Dantzler, Inc.*


/s/ Paul J. Osowski

Paul J. Osowski
North Carolina State Bar No. 23423
Nelson Mullins Riley & Scarborough, LLP
100 North Tryon St. – Suite 4200
Charlotte, North Carolina 28202
Telephone: (704) 417-3000
Facsimile: (704) 377-4814
E-Mail: paul.osowski@nelsonmullins.com
*Attorney for Defendant Dantzler, Inc.*