# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07cv16-FDW

| | |
|---|---|
| BAYTREE ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER ON BAYTREE'S MOTION |
| v. ) | FOR RELIEF FROM COURT'S |
| ) | PRIOR ORDER |
| DANTZLER, INC., ) | and |
| ) | ORDER DIRECTING DANTZLER, |
| Defendant and Third-Party Plaintiff, ) | INC., TO SHOW CAUSE WHY IT |
| ) | SHOULD NOT BE SANCTIONED |
| v. ) | and |
| ) | NOTICE OF HEARING |
| ORACLE USA, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Baytree's Motion for Relief from the Court's Prior Order (Doc. No. 64), as well as several other issues the Court shall consider *sua sponte*.

## BACKGROUND

This matter involves a contract dispute between Plaintiff Baytree Associates, Inc. ("Baytree") and Defendant Dantzler, Inc. ("Dantzler"). On April 17, 2008, Baytree filed a "Motion Pursuant to Fed. R. Civ. P. 60(b) and Principles of Judicial Estoppel for Relief from Order Allowing Amended Counterclaims and Third-Party Complaint." (Doc. No. 64.) Baytree seeks relief from an order issued by this Court on February 26, 2008, which allowed Dantzler to file an amended answer adding additional counterclaims against Baytree and naming Oracle, Inc. ("Oracle") as a third-party defendant. (Doc. No. 52.) Baytree asserts (1) that Dantzler has engaged in forum shopping in an attempt to circumvent procedural mechanisms in order to have the litigation in its home state of Florida, and (2) that Dantzler misrepresented to the Court the status of related pending litigation in

Florida, wherein Citicorp Vendor Finance, Inc. ("Citicorp") had sued Dantzler and in which Dantzler filed a third-party complaint naming Baytree and Oracle as third-party defendants.

The procedural history of this case is relevant to an analysis of Baytree's Motion. There are parallel proceedings currently being litigated in two states: North Carolina and Florida. Baytree filed its claim against Dantzler in North Carolina on December 16, 2006, six months before the Florida action began on June 12, 2007. In the litigation between Citicorp and Dantzler in Florida, Dantzler filed an eight-count third-party complaint against Baytree and Oracle on July 24, 2007. On January 7, 2008, Dantzler, Baytree and Oracle agreed to a motion to dismiss the third-party complaint without prejudice. The orders of dismissal were signed on February 5 and 7, 2008, with a 15-day window in which Dantzler could file amended pleadings. On February 25, 2008, Dantzler filed a new third-party complaint against Baytree and Oracle. This new complaint was not served on Baytree until April 8, 2008, which Dantzler contends was a result of human error.

In the litigation before this Court, Dantzler filed its initial answer to Baytree's complaint on September 17, 2007. This first answer alleged counterclaims against Baytree that were not contained in the third-party complaint filed against Baytree in the Florida litigation on July 24, 2007. On December 19, 2007, Dantzler filed a motion for leave to amend its answer to add additional counterclaims against Baytree and to add Oracle as a third-party defendant. These amended claims are substantively the same, though not identical, to those third-party claims filed by Dantzler against Baytree and Oracle in the Florida litigation. The gravamen of the allegations in both actions is that Baytree failed to perform under the contract, thus resulting in Dantzler's failure to pay for the Oracle

software.[1]  In support of its motion for leave to amend to this Court, Dantzler noted that it had dismissed its third-party claims against Baytree and Oracle in Florida.  Dantzler made no indication to the Court that it intended to re-file its third-party complaint against Baytree and Oracle in Florida.  On February 26, 2008, this Court issued its order granting Dantzler's leave to amend to add counterclaims and third-party claims.  Neither this Court nor Baytree knew of Dantzler's refiled third-party complaint against Baytree and Oracle in Florida at the time the order was issued.  Baytree filed this Motion after becoming aware of the re-filed third-party complaint in Florida.

### ORDER ON MOTION FOR RELIEF FROM PRIOR ORDER

#### STANDARD OF REVIEW

Baytree's Motion specifically seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) reads in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentations, or other misconduct of an adverse party . . . .

---

[1] In the Florida litigation, Dantzler alleged that, "[b]ased on Oracle and Baytree's fraudulent actions, Dantzler may have to make payment to Citicorp to protect its own interests." (Doc. No. 70-2 p. 12.)  Specifically, Dantzler alleged that Baytree induced Dantzler's reliance by fraudulently representing the capabilities of Oracle software that Baytree was to implement for Dantzler and the timeframe in which it could be installed.  Id.  Dantzler thus contends Baytree and Oracle should be held liable for its debt to Citicorp.  Id.  Similarly, in the North Carolina litigation, Dantzler alleged that Baytree induced reliance by misrepresenting the capabilities of the Oracle software it was implementing for Dantzler which resulted in budget and deadline over-runs. (Doc. No. 53 p. 16-17.)  Dantzler counter-sued under a theory of *quantum meruit*, breach of the implied covenant of good faith, fraudulent misrepresentation, negligent misrepresentation, breach of the implied warranty of fitness for a particular purpose, and negligence.  Id.

Fed. R. Civ. P. 60(b). Alternatively, Baytree seeks relief from the order under a theory of judicial estoppel.

I.     *Application of Rule 60(b) to Interlocutory Orders*

As a threshold issue, it should be noted that Rule 60(b) applies strictly to final judgments and orders, not interlocutory orders such as the one from which Baytree is seeking relief. The Fourth Circuit has held, "Rule 60(b) affords relief only from a judgment, order, or proceeding which is *final*." Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991) (emphasis in original). Additionally, the Advisory Committee Notes to the 1948 Amendment of Rule 60(b) notes, "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule . . . ." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2852 n.8 (2d ed. 1995).

In ruling on a motion for relief of an interlocutory order, the Fourth Circuit has held that Rule 60(b) standards cannot be applied. In Fayetteville, the court reversed a district court's dismissal of the plaintiff's motion for reconsideration of an interlocutory ruling in the defendant's favor. 936 F.2d at 1473-74. The district court applied Rule 60(b) strictures in denying the motion for reconsideration because the plaintiff did not offer any explanation as to why the motion should be reconsidered and new evidence should be submitted. Id. at 1464-65. The court determined that the district court's application of Rule 60(b) to plaintiff's motion for reconsideration was erroneous: "it is with the district court's adoption of a Rule 60(b) standard controlling the district court's ruling on the reconsideration of the order . . . with which we vigorously disagree." Id. at 1470.

*II.     Motion to Reconsider*

Although Rule 60(b) does not provide a remedy for Baytree here, the Court nevertheless may grant the requested relief, albeit under a different theory of judicial authority. Wide discretion is given to the trial court to determine whether to set aside interlocutory orders at any time prior to the entry of a final judgment. Id. at 1469. Those orders "'are not within the provisions of 60(b), but are left within the plenary power of the [c]ourt that rendered them to afford such relief from them as justice requires.'" Id. at 1473 (quoting Moore's Federal Practice ¶ 60.20). The authority to reconsider is wholly within the discretion of the district court. See, e.g., American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003).

Because this Court's order granting leave to amend is an interlocutory order, it may be reconsidered *sua sponte* at any time prior to entry of a final judgment. Fayetteville, 936 F.2d at 1472; see also Pittston-Luzerene Corp. v. United States, 86 F. Supp. 460 (M.D. Pa. 1949); Fidelity Trust Co. v. Board of Ed., 174 F.2d 642 (7th Cir. 1949). The court may reconsider interlocutory orders when it is in the interests of justice to do so. Wright, Miller & Kane, *supra*, § 2852 n.8 (citing U.S. v. Iron Mountain Mines, Inc., 812 F. Supp. 1528 (D.C. Cal. 1992); see also Santamarina v. Sears, 466 F.3d 570, 571-72 (7th Cir. 2006) ("The authority of a district judge to reconsider a previous ruling in the same litigation . . . is governed by the law of the case, which authorizes such reconsideration if there is a compelling reason . . . ."); United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders and can reconsider them when it is consonant with justice to do so.").

The Fourth Circuit has determined, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment."

American Canoe, 326 F.3d at 514. District courts, in determining whether to reconsider interlocutory orders, frequently rely on the "law of the case" doctrine to guide the court's decision. Akeva v. Adidas, 385 F.Supp.2d 559, 565 (M.D.N.C. 2005). The United States District Court for the Middle District of North Carolina has noted, "[c]ourts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." Id. at 566.

This Court's order granting Dantzler leave to amend was granted in part because it was not apparent to the Court that Dantzler intended to refile its third-party claims against Baytree and Oracle in Florida.[2] The Court may exercise its discretion to reconsider its order now that Dantzler's intention to pursue the third-party claims in Florida is more clear.

III. *Judicial Estoppel*

Baytree also argues that the theory of judicial estoppel supports its request for relief from the Court's previous order. "In certain circumstances a party may properly be precluded from adopting a legal position in conflict with one earlier taken in the same or related litigation. 'Judicial estoppel' is invoked in these circumstances to prevent the party from playing 'fast and loose' with the courts . . . ." Allen v. Zurich Insurance Co., 667 F.2d 1162, 1166 (4th Cir. 1982). Specifically, the doctrine of judicial estoppel is applied in order to prevent one party from misleading the courts in order to

---

[2] Though Dantzler noted in support of its motion for leave to amend that the third-party complaint in Florida was, "dismissed without prejudice and remains pending," Dantzler filed its motion because, in Dantzler's own words, "at this juncture, both parties culpable for Dantzler's injury are not parties to either lawsuit." (Doc. No. 45 p. 2-3.) The Court relied upon Dantzler's stated purpose of "join[ing] all indispensable parties and [resolving] the dispute with all parties present" when it granted Dantzler's motion. Id. at p. 3.

gain an unfair advantage. See, e.g., King v. Herbert J. Thomas Memorial Hospital, 159 F.3d 192, 196 (4th Cir. 1998).

> In order to apply the doctrine, three elements must be satisfied:
>
> (1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the [court]; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.

Id. Dantzler argues that it did not intentionally take inconsistent positions before this Court regarding the status of the third-party claims in the Florida litigation, but rather the lack of notice to this Court and to Baytree regarding those claims was the result of human error. Additionally, Dantzler argues that it is not attempting to exploit the judicial process to its unfair advantage or engaging in forum shopping, but rather it should be afforded the fair opportunity to defend itself in both forums until such time as all claims are presented before "one court one time."

ANALYSIS

*I.  Motion to Reconsider*

This Court need not rule on Baytree's Motion based upon a Rule 60(b) standard; in fact, according to the precedent of the Fourth Circuit, it would be inappropriate to do so. Because the Court's order from which Baytree seeks relief is interlocutory in nature, the Court is free at its discretion to reconsider the motion at any time prior to final judgment.

The Court is upon solid precedential footing to reconsider its order where justice so requires and where "there is additional evidence that was not previously available." Akeva, 385 F.Supp.2d at 566. Dantzler's representations to the Court that the Court relied upon in granting Dantzler leave to add additional counterclaims against Baytree and to name Oracle as a third-party defendant have

since been rendered inaccurate. The counterclaims and third-party claims against Baytree and Oracle which have been added pursuant to Dantzler's leave to amend in this litigation are substantively the same as those which Dantzler refiled in the Florida litigation on February 25, 2008. The Court will not facilitate Dantzler's prosecution of its claims in two separate fora. Instead, it is in the interest of justice to eliminate those duplicate claims which are being pursued in this Court. As such, to promote the public policy of allowing quick and decisive adjudication of claims, to prevent forum shopping, and to prevent the dual litigation of substantively similar claims, Dantzler's amended counterclaims against Baytree and third-party claims against Oracle are dismissed and Baytree's Motion is converted from a Rule 60(b) motion for relief to a Motion for Reconsideration and is GRANTED.

The Court reconsiders its earlier order (Doc. No. 52) granting Dantzler's "Motion for Leave to Amend Answer to Add Counterclaims and Join Oracle USA, Inc., as a Third-Party Defendant" (Doc. No. 40) and hereby DENIES it. Therefore, the following claims by Dantzler against Baytree are no longer part of this litigation: fraudulent misrepresentation, negligent misrepresentation, breach of the implied warranty of fitness for a particular purpose, and negligence. Also, as a result of the denial of Dantzler's motion, the claims against Oracle are likewise no longer part of this litigation.[3]

II.     *Judicial Estoppel*

Because the motion to reconsider is GRANTED, it is not necessary to reach the merits of Baytree's motion for relief under a theory of judicial estoppel. Thus, this portion of Baytree's

---

[3] The Court will entertain motions to reconsider this ruling only upon a filing with proof that the Florida claims have been dismissed. Any such motion shall be filed no later than Wednesday, May 28, 2008. Counsel are hereby notified that a ruling on such a motion would not change the schedule and deadlines already set forth by this Court.

motion is DENIED AS MOOT. Nevertheless, the Court is inclined to note that the evidence as to the third element of the King test, regarding Dantzler's subjective intent, is inconclusive at this point.[4] As more fully explained below, the Court finds that there is the possibility of bad faith on Dantzler's part. Because the Court intends to give Dantzler an opportunity to respond, the Court reserves ruling on the issue of bad faith at this time.

### ORDER TO SHOW CASE

The next issue before the Court arises *sua sponte* and pursuant to Rule 11(b) of the Federal Rules of Civil Procedure. For the following reasons, the Court orders Dantzler, Inc., to SHOW CAUSE why Rule 11 sanctions should not be imposed on them for their conduct.

Rule 11 sanctions may be initiated by the court *sua sponte* or upon motion of a party. Fed. R. Civ. P. 11(c)(1). Sanctionable conduct includes representations to the Court that are made for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Under 28 U.S.C. § 1927, a court may sanction an attorney who "unreasonably and vexatiously" multiplies legal proceedings. Section 1927, which applies only to attorneys, requires a finding of counsel's bad faith. Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n. 25 (4th Cir. 1991). A court also possesses the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. Nasco, Inc., 501 U.S. 32, 44-45 (1991). Sanctions under a court's inherent power are appropriate when a party or attorney has

---

[4] The first two elements of the King test, however, are present. First, Dantzler has taken a position that is factually incompatible with a position taken in a prior proceeding, namely at the time Dantzler motioned for leave to amend its answer, it represented to the Court that the third-party complaints it had filed in Florida against Baytree and Oracle were dismissed, only to refile those claims in Florida the day before the Court's order was issued. Second, the Court accepted that prior inconsistent statement as the basis on which to make its decision to grant Dantzler's leave to amend.

"acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45-46 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975)). "A court may invoke its inherent power in conjunction with, or instead of, other sanctioning provisions," such as Rule 11 and § 1927. In re Weiss, 111 F.3d 1159, 1171 (4th Cir. 1997).

Under Rule 11, any sanctions imposed must be "appropriate" and "the least severe sanction adequate to serve the purpose of Rule 11." Miltier v. Downes, 935 F.2d 660, 665 (4th Cir. 1991) (citing In Re Kunstler, 914 F.2d 505, 522 (4th Cir. 1990)). "In calculating the sanction, a district court should bear in mind that the purposes of Rule 11 include 'compensating the victims of the rule 11 violation, as well as punishing present litigation abuse, streamlining court dockets and facilitating court management.'" Brubaker, 943 F.2d at 1373-74 (quoting In re Kuntsler, 914 F.2d at 522).

Here, the Court is particularly concerned with Dantzler's counsel's representations upon inquiry from the Court as to the status of the claims in Florida. As noted above, Dantzler originally informed the Court that its Florida claims were dismissed, thus demonstrating a substantial reason why almost identical claims should be added to the North Carolina lawsuit. The Court, relying on Dantzler's representations as to the dismissed claims, allowed the addition of those claims in the suit at bar involving Baytree. During a hearing on scheduling matters, counsel for Baytree informed the Court that Dantzler had re-filed the dismissed claims in the Florida action. When asked whether the Florida case was the same case or a different case than the one currently before this Court, Claude Murray – counsel for Dantzler – responded, "There's no simple answer to that question and I'm not being deliberately obtuse, Your Honor." Mr. Murray continued to say, "The defenses that Dantzler has to that claim [brought by Citicorp in Florida] happen to be the same defenses which are in this case which is the product didn't work, it didn't do what it was supposed to do and we didn't get

value for what we - - what we contracted for." When asked why Dantzler did not attempt to bring Citicorp's claims before this Court, Mr. Murray frankly admitted, "[W]e had an, if I can use the phrase, a better forum more friendly forum in the [Florida] state court." After admitting "I suspect now we know where we are, what the appropriate steps to do would be to at that point consider at least the dismissal of the third-party claims against Oracle and Baytree in that [Florida] case," Mr. Murray noted on the record that he "would like to have the opportunity to at least consult with my client on this particular issue . . . ." Subsequently, Mr. Murray further "completely" agreed with the Court's statement that "it's just inappropriate for a jury in Florida and a jury in North Carolina to be deciding virtually the same contract issues." Mr. Murray stated, "[W]e can make the decision in 48 hours and we can certainly file something with the appropriate court and with the parties depending on what that decision is."

Indeed, Dantzler filed "something" with this Court; however, the contents of the brief failed *in their entirety* to address the Court's concerns as stated at the hearing. Dantzler stated, "Requests that Dantzler should be forced to now 'choose a forum' are, respectfully, premature. Dantzler simply asks this Court to defer ruling on the propriety of allowing its well-plead [third]-party Complaint to proceed until this Court is presented with, and rules on, any challenges to jurisdiction and/or venue to be lodged . . . ." Supplemental Filing, Doc. No. 60 p. 4. Dantzler adds that "[s]hould the Court deny any such future challenges, Dantzler will proceed with its counter-claim against Baytree and [third-]party Complaint against Oracle in this Court, and voluntarily dismiss its [third-]party claims pending in Florida." Id. In sum, Dantzler's filing provided nothing more than what it already stated at the hearing, thereby expressly disobeying the Court's oral order given at the hearing directing Dantzler to choose the forum where it planned to litigate the claims.

As such, Dantzler is hereby ORDERED TO SHOW CAUSE why it should not be sanctioned for its failure to comply with the Court's oral order. Moreover, Dantzler is ORDERED TO SHOW CAUSE why it continues to pursue litigation in Florida and North Carolina on the admittedly-similar claims. Doing so has not only caused unnecessary delay in this Court, but it has also increased the cost of litigation for all parties. Such conduct may warrant sanctions by the Court pursuant to Rule 11. If Dantzler fails to show cause, the Court will consider <u>all</u> appropriate sanctions, including dismissal of all counterclaims asserted by Dantzler in this case and contempt of court.

### NOTICE OF HEARING

TAKE NOTICE that this matter has been set for hearing before the undersigned United States District Judge, to be held at **3:30 p.m.** on **June 9, 2008**, in in Bankruptcy Courtroom #126 in the Charles R. Jonas Federal Building in Charlotte, North Carolina. Specifically, the Court will receive oral argument on the Show Cause Order contained herein. At least one attorney from each firm of record in this matter, including Claude R. Murray, Jr., shall appear in person and may not appear telephonically. Failure to personally appear may warrant the Court's use of compulsory means. Oral arguments will be limited to fifteen (15) minutes per side.

### CONCLUSION

In sum, Baytree's Motion for Relief from Order Pursuant to Rule 60(b) (Doc. No. 64) is hereby converted to a Motion for Reconsideration and GRANTED. The Court reconsiders its earlier order (Doc. No. 52) granting Dantzler's "Motion for Leave to Amend Answer to Add Counterclaims and Join Oracle USA, Inc., as a Third-Party Defendant" (Doc. No. 40) and it is hereby DENIED.

To the extent the Motion (Doc. No. 64) addresses principles of judicial estoppel, ruling on that portion of the Motion is DENIED AS MOOT. Dantzler is ORDERED TO SHOW CAUSE why it should not be sanctioned for the reasons set forth herein. Finally, NOTICE is hereby given that counsel for the parties shall appear before the undersigned for a hearing on June 9, 2008.

    IT IS SO ORDERED.

Signed: May 22, 2008

Frank D. Whitney
United States District Judge