# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:07-CV-16-FDW

| | |
|---|---|
| BAYTREE ASSOCIATES, INC., ) )   Plaintiff and Counter- ) Defendant ) ) vs. ) ) DANTZLER, INC., ) )   Defendant, Counter- ) Claimant and Third-Party ) Plaintiff ) ) vs. ) ) ORACLE USA, INC., ) )   Third-Party Defendant ) ) | **ORDER REGARDING USE OF DEPOSITIONS** |

THIS MATTER is before the Court to determine how deposition testimony will be introduced at trial pursuant to Fed. R. Civ. P. 32. Although no formal motions have been made, the Court has been informed of the respective positions of counsel, and to provide the parties with adequate time to edit the videotape prior to trial the Court shall now resolve the issue.

The dispute principally concerns two discovery depositions of former Dantzler employees that were originally noticed by Baytree but portions of which Dantzler wants to introduce in its case-in-chief. Baytree has in turn designated those portions of the depositions that it wishes to introduce. Baytree wants to play each deposition through in the same chronological order in which it was taken, editing it only to the extent of omitting those portions of the deposition which neither party has

designated. Dantzler wants to edit the videotape to play those portions which it has designated, to be followed by those portions which Baytree has designated, as if to artificially create a direct- and cross-examination of the unavailable witness.

The Court finds Baytree's position more persuasive. The extent to which Dantzler is the master of its case is explicitly curtailed by Fed. R. Civ. P. 32(a)(6), which states that "[i]f a party offers in evidence only part of a deposition, an adverse party may *require the offeror to introduce other parts* that in fairness ought to be considered with [it]" (emphasis added). See also Fed. R. Evid. 106. The "in fairness ought to be considered" standard adopted by Rule 32 is admittedly vague. Conceivably, it could be construed to extend as far as the position that Baytree is advocating here: Simply by virtue of the fact that Dantzler wants to cherry-pick the best testimony and present it in the order most advantageous for its case, there is the potential of context being lost and jury confusion resulting, which can simply be avoided by having all pertinent testimony presented in the same order in which it was taken.

However, even to the extent that some of Baytree's designations may be sufficiently collateral to the testimony Dantzler has designated as arguably to fall outside the "in fairness ought to be considered" standard, the Court nevertheless declines to permit Danzler to alter the order of testimony. First, under Fed. R. Evid. 611, the Court has wide discretion to control the presentation of evidence, with the aim of promoting judicial economy, even if the usual mode of presenting evidence is altered. Second, the Court notes that Dantzler had the opportunity to itself notice a *de bene esse* deposition of these witnesses in order to preserve their testimony in a form more palatable for trial, and having made the strategic decision not to do so, should not be greatly prejudiced by its introduction in raw form.

Accordingly, the Court adopts the position of Baytree. The Court will entertain any prophylactic jury instructions that the parties suggest be given with the introduction of the depositions in this manner.

IT IS SO ORDERED.

Signed: November 20, 2008

Frank D. Whitney
United States District Judge